IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) SINCERE TERRY,                         )
(2) MIA HOGSETT,                           )
(3) TYREKE BAKER,                          )
(4) PRESTON NABORS,                        )
(5) TREVOUR WEBB, and                      )
(6) AUSTIN MACK,                           )
                                           )
          Plaintiffs,                      )
                                           )
vs.                                        )          Case No. CIV-22-522-C
                                           )
(1) CITY OF OKLAHOMA CITY,                 )
OKLAHOMA, a municipality,                  )
(2) THOMAS VANNORT, in his                 )
individual capacity,                       )
(3) DAVID PRATER, in his individual        )
and official capacities, and              )
(4) DEFENDANT DOES 1-10, in their          )
individual capacities,                     )
                                           )
          Defendants.                      )

_____

**MOTION TO DISMISS OF DEFENDANT
DETECTIVE THOMAS VANNORT
AND BRIEF IN SUPPORT**

_____

Chris J. Collins, OBA No. 1800
Stacey Haws Felkner, OBA No. 14737
COLLINS, ZORN  & WAGNER, PLLC
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
Telephone:  (405) 524-2070
E-mail: cjc@czwlaw.com
    shf@czwlaw.com

ATTORNEYS    FOR    DEFENDANT
THOMAS VANNORT

August 5, 2022

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF CONTENTS ......................................................................................... i

TABLE OF AUTHORITY ............................................................................... ii - vi

LIST OF EXHIBITS ......................................................................................... vii

BRIEF IN SUPPORT OF THE MOTION TO DISMISS
OF DEFENDANT THOMAS VANNORT ....................................................... 2

MOTION TO DISMISS STANDARD ............................................................. 5

ARGUMENT AND AUTHORITY .................................................................. 6

PROPOSITION I     PLAINTIFFS TERRY, HOGSETT, BAKER,
NABORS AND WEBB HAVE FAILED TO
STATE A CLAIM AGAINST DEFENDANT
VANNORT FOR FALSE ARREST ................................................. 7

PROPOSITION II    PLAINTIFFS TERRY, HOGSETT, BAKER,
NABORS AND WEBB HAVE FAILED TO
STATE A CLAIM AGAINST DEFENDANT
VANNORT FOR MALICIOUS PROSECUTION ....................... 13

PROPOSITION III   PLAINTIFF MACK HAS FAILED TO STATE A
FOURTEENTH AMENDMENT EQUAL PROTECTION
CLAIM AGAINST DEFENDANT VANNORT ............................ 18

PROPOSITION IV   PLAINTIFFS HAVE FAILED TO STATE
A FIRST AMENDMENT CLAIM AGAINST
DEFENDANT VANNORT ............................................................ 22

PROPOSITION V    PLAINTIFFS HAVE FAILED TO STATE
A CLAIM FOR CONSPIRACY UNDER §1983
AGAINST DEFENDANT VANNORT ......................................... 26

CONCLUSION ............................................................................................... 29

## TABLE OF AUTHORITIES

**CASES**                                                                                   **PAGE**

*A.M. v. Holmes,* 830 F. 3d 1123 (10th Cir. 2016) ............................................................... 9

*Amore v. Novarro,* 624 F. 3d 522 (2nd Cir. 2010) ........................................................... 11

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .................... 5

*Baca v. Colorado Department of State*, 935 F. 3d 887 ...................................................... 4

*Barboza v. D'Agata*, 676 Fed. Appx. 9 (2nd Cir. 2017)................................................ 10, 11

*Barwick v. Behnke*, 548 Fed. Appx. 516 (10th Cir. 2013) ................................................ 21

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955,
167 L. Ed. 2d 929 (2007)..................................................................................................... 5

*Bickford v. Hensley*, 832 Fed. Appx. 549 (10th Cir. 2020)................................................ 17

*Blackwell v. Strain,* 496 Fed. Appx. 836 (10th Cir. 2012) ................................................ 19

*Brooks v. Gaenzle,* 614 F. 3d 1213 (10th Cir. 2010)......................................................... 27

*Brooks v. Hinzman*, 2015 WL 4041708, *8 (D. Kan. July 1, 2015) ................................ 28

*Brower v. City of Inyo*, 489 U.S. 593, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989)............. 9

*Clema v. Colombe*, 676 Fed. Appx. 801 (10 Cir. 2017).................................................... 16

*Cordova v. City of Albuquerque*, 816 F. 3d 645 (10th Cir. 2016)................................ 13, 15

*Craft v. White*, 840 Fed. Appx. 372 (10th Cir. 2021)................................................... 13, 23

*Daniels v. Williams,* 474 U.S. 327, 106 S. Ct. 662, 88 L.Ed. 2d (1985).......................... 21

*Devenpeck v. Alford*, 543 U.S. 146, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004)................. 9

*Diallo v. Milligan*, 2019 WL 3302166 (D. Colo. July 23, 2019) ...................................... 20

*District of Columbia v. Wesby*, ___U.S. ___, 138 S. Ct. 577,
199 L. Ed. 2d 453 (2018)..........................................................................8

*Dixon v. City of Lawton*, 898 F. 2d 1443 (10th Cir. 1990)...............................26

*Estate of Harmon v. Salt Lake City*, ___Fed. Appx. ___, 2021 WL 5232248
(10th Cir. Nov. 10, 2021). ........................................................................19

*Estate of Harmon v. Salt Lake City*, 471 F. Supp. 3d 1203 (D. Utah 2020) ....................19

*Fenn v. City of Truth or Consequences*, 983 F. 3d 1143 (10th Cir. 2020)........................23

*Frazier v. Evans,* 992 F. 3d 1003 (10th Cir. 2021) ......................................17, 27

*Frey v. Town of Jackson*, ___ F. 4th ___, 2022 WL 2948909
(10th Cir. July 26, 2022)..................................................................5, 23-25

*Gee v. Pacheco,* 627 F. 3d 1178 (10th Cir. 2010) ..............................................4

*GFF Corporation v. Associated Wholesale Grocers, Inc*,
130 F. 3d 1381 (10th Cir. 1997) ..................................................................4

*Goad v. Town of Meeker,* 654 Fed. Appx. 916 (10th Cir. 2016)........................8, 9

*Guinn v. Unknown Lakewood Police Officers*, 2010 WL 4740326
(D. Colo. Sept. 30, 2010)..........................................................................14

*Guthrie v. Hall*, 2018 WL 6059395 (W.D. Okla. November 19, 2018) ...........................18

*Halik v. Darbyshire*, 2021 WL 4556188 (D. Colo. Aug. 23, 2021)..............................14

*Hall v. Witteman*, 584 F. 3d 859 (10th Cir. 2009)...............................................5

*Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed. 2d 383 (1994) .............7, 8

*Hinkle v. Beckham County Board of County Commissioners,*
926 F. 3d 1204 (10th Cir. 2020) .............................................................23, 26

*Hollingsworth v. Hill*, 110 F.3d 733 (10th Cir. 1997).........................................28

*Hooks v. Atoki*, 983 F. 3d 1193 (10th Cir. 2020).................................................................. 8

*Hunter v. Bryant,* 502 U.S. 224, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) ...................... 9

*Kerns v. Bader*, 663 F. 3d 1173 (10th Cir. 2011) ................................................................ 8

*Kisela v. Hughes*, ___U.S.___, 138 S. Ct. 1148, 200 L. Ed. 2d 449 (2018) ..................... 17

*Knutson v. City of Oklahoma City*, 402 F. Supp. 3d 1266 (W.D. Okla. 2019) ................ 25

*Koch v. City of Del City,* 660 F. 3d 1228 (10th Cir. 2011)................................................... 9

*Lessard v. Cravitz*, 686 Fed. Appx. 581 (10th Cir. 2017) ................................................. 15

*Malley v. Briggs*, 475 U.S. at 341, 106 S.Ct. 1092 .................................................... 10, 11

*Margheim v. Buljko*, 855 F. 3d 1077 (10th Cir. 2017) ................................................. 13, 15

*Marshall v. Columbia,* 345 F. 3d 1157 (10th Cir. 2003)............................................... 18, 20

*Martin v. City of Oklahoma City,* 180 F. Supp. 3d 978 (W.D. Okla. 2016) ..................... 16

*Martinez v. Albuquerque*, 184 F. 3d 1123 (10th Cir. 1999) .......................................... 7, 8

*McCleskey v. Kemp*, 481 U.S. 279, 107 S. Ct. 756, 95 L. Ed. 2d 262 (1987).................. 19

*McCoy v. City of Independence*, 2013 WL 4517535 (D. Kan. Aug. 26, 2013) .......... 20, 21

*Messerschmidt v. Millender*, 565 U.S. 535, 132 S. Ct. 1235,
182 L. Ed. 2d 47 (2012)............................................................................................. 10, 11

*Michigan v. DeFillippo*, 443 U.S. 31, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979).............. 25

*Mocek v. City of Albuquerque*, 813 F. 3d 912 (10th Cir. 2015) ............................. 10, 11, 25

*Moses-El v. City and County of Denver,* ___Fed. Appx. __,
2022 WL 1741944 (10th Cir. May 31, 2022)................................................................. 26

*Najera v. Brookhouser*, 2020 WL 4050383 (D.N.M July 20, 2020)................................ 17

*Navarette v. City of Albuquerque*, 2004 WL 7337605 (D.N.M Aug. 11, 2004).............. 21

*Nieves v. Bartlett,* 139 S. Ct. 1715, 204 L.Ed. 2d 1 (2019)............................ 11, 12, 23, 24

*Olachea v. City of Farmington*, 2015 WL 13662868 (D.N.M. June 29, 2015) ......... 14, 15

*Pahls v. Thomas*, 718 F. 3d 1210 (10th Cir. 2013) ............................................... 6

*Pauly v. White,* 874 F. 3d 1197 (10th Cir. 2017)................................................ 17

*Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed. 2d 565 (2009) ................ 10

*Price v. State*, 1994 OK CR 26, 873 P. 2d 1049 ............................................... 12

*Puller v. Baca*, 781 F. 3d 1190 (10th Cir. 2015) ............................................... 16

*Quinn v. Young*, 780 F. 3d 998 (10th Cir. 2015) ................................................ 9

*Robbins v. DHS*, 519 F. 3d 1242 (10th Cir. 2008) ....................................... 5, 6, 23

*Robertson v. Las Animas County Sheriff's Department*,
500 F. 3d 1185, (10th Cir. 2007) ........................................................... 8

*Romero v. Fay*, 45 F.3d 1472 (10th Cir. 1995) ........................................... 8, 21

*Safe Streets Alliance v. Hickenlooper,* 859 F. 3d 865 (10th Cir. 2017) .............................. 5

*Securities and Exchange Commission v. Shields*, 744 F. 3d 633 (10th Cir. 2014) ............. 5

*Shimomura v. Carlson*, 811 F. 3d 349 (10th Cir. 2015)................................... 9, 26

*Stonecipher v. Valles*, 759 F. 3d 1134 (10th Cir. 2014) .................................... 9, 10, 27, 28

*T.S.H. v. Green*, 996 F. 3d 915 (8th Cir. 2021) ................................................. 27

*Thompson v. Clark*, 142 S. Ct. 1332 (2022)................................................. 13

*Tonkovich v. Kansas Board of Regents*, 159 F. 3d 504 (10th Cir. 1998) ........................ 26

*United States v. Ahidley*, 486 F. 3d 1183 (10th Cir. 2007)..................................................... 4

*United States v. Alcaraz-Arellano*, 441 F. 3d 1252 (10th Cir. 2006) ........................ 18, 20

*United States v. Armstrong,* 517 U.S. 456, 116 S. Ct. 1480,
134 L.Ed. 2d 687 (1996)............................................................................................... 19

*United States v. Casanova*,  _____Fed. Appx. ____, 2022 WL 946944
(10th Cir. March 30, 2022) ........................................................................................... 18

*United States v. Christian*, 190 Fed. Appx. 720 (10th Cir. 2006) .................................... 16

*Van de Weghe v. Chambers*, 569 Fed. Appx. 617 (10th Cir. 2014) ................................. 17

*Walker v. Mohiuddin*, 947 F. 3d 1244 (10th Cir. 2020) ........................................ 6, 22, 23

*Wilder v. Turner*, 490 F. 3d 810 (10th Cir. 2007) ................................................................ 8

*Wilkins v. DeReyes*, 528 F. 3d 790 (10th Cir. 2008) ..................................................... 13,15

*Zigler v. Abbasi,* 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017).................................... 26, 27

## **STATUTES**

42 U.S.C §1983 .............................................................................1, 4, 6-10, 21, 26, 29

21 O.S. §540 ................................................................................................................ 7, 16

21 O.S. §1311 ..................................................................................................................... 25

21 O.S. §1320.2 .......................................................................................................... 11, 12

## **RULES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure .................................................. 1, 4

## <u>LIST OF EXHIBITS</u>

Exhibit 1     Docket Sheet in *State v. Nabors,* CF-2020-2930

Exhibit 2     *Frey v. Town of Jackson*, ___ F. 4th ___, 2022 WL 2948909
              (10th Cir. July 26, 2022)

Exhibit 3     *Halik v. Darbyshire*, 2021 WL 4556188 (D. Colo. Aug. 23, 2021)

Exhibit 4     *Guinn v. Unknown Lakewood Police Officers*, 2010 WL 4740326 (D. Colo.
              Sept. 30, 2010)

Exhibit 5     *Najera v. Brookhouser*, 2020 WL 4050383 (D.N.M July 20, 2020)

Exhibit 6     *United States v. Casanova*, ____Fed. Appx. ___, 2022 WL 946944 (10th Cir.
              March 30, 2022)

Exhibit 7     *Guthrie v. Hall*, 2018 WL 6059395 (W.D. Okla. November 19, 2018)

Exhibit 8     *McCoy v. City of Independence*, 2013 WL 4517535
              (D. Kan. Aug. 26, 2013)

Exhibit 9     *Diallo v. Milligan*, 2019 WL 3302166 (D. Colo. July 23, 2019)

Exhibit 10    *Navarette v. City of Albuquerque*, 2004 WL 7337605
              (D.N.M Aug. 11, 2004)

Exhibit 11    *Moses-El v. City and County of Denver,* ___Fed. Appx. __, 2022 WL
              1741944 (10th Cir. May 31, 2022)

Exhibit 12    *Brooks v. Hinzman*, 2015 WL 4041708 (D. Kan. July 1, 2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SINCERE TERRY, | ) | |
| (2) MIA HOGSETT, | ) | |
| (3) TYREKE BAKER, | ) | |
| (4) PRESTON NABORS, | ) | |
| (5) TREVOUR WEBB, and | ) | |
| (6) AUSTIN MACK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-22-522-C |
| | ) | |
| (1) CITY OF OKLAHOMA CITY, | ) | |
| OKLAHOMA, a municipality, | ) | |
| (2) THOMAS VANNORT, in his | ) | |
| individual capacity, | ) | |
| (3) DAVID PRATER, in his individual | ) | |
| and official capacities, and | ) | |
| (4) DEFENDANT DOES 1-10, in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS OF DEFENDANT
DETECTIVE THOMAS VANNORT
<u>AND BRIEF IN SUPPORT</u>**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant

Thomas VanNort requests this Court dismiss all claims made against him by Plaintiffs

Sincere Terry, Mia Hogsett, Tyreke Baker, Preston Nabors, Trevor Webb and Austin

Mack.  Dismissal is appropriate because Plaintiffs have failed to state any claim upon

which relief may be granted against Defendant VanNort under 42 U.S.C §1983 or the First,

Fourth or Fourteenth Amendments.  A brief in support of this motion is attached.

## BRIEF IN SUPPORT OF THE MOTION TO DISMISS
## OF DEFENDANT THOMAS VANNORT

This case arises out of the actions taken by Plaintiffs Sincere Terry, Mia Hogsett, Tyreke Baker, Preston Nabors and Trevour Webb on June 23, 2022.  As Plaintiffs note, on June 23, 2020, they were participating in the painting of a mural on Shartel Avenue between Main Street and Colcord Drive.  Complaint, Doc. 1, ¶90.  The organizers of the event had secured a permit to block off a portion of Shartel, and an Oklahoma City employee set up the barricades at the location specified by the permit which ended at the south side of the intersection of Shartel and Colcord.  Doc. 1, ¶¶78-79.  However, at approximately 2:30 p.m. on the afternoon of June 23, 2022, Plaintiff Nabors unilaterally decided to move the barricades to block the intersection.  Doc. 1, ¶91.  A few minutes later, Plaintiff Nabors pulled an AR-22 rifle out of his vehicle to show to Plaintiff Webb.  Doc. 1, ¶92.  Defendant VanNort, who is an OCPD Detective in the Criminal Intelligence division, observed Nabors display the rifle from inside police headquarters.  Doc. 1, ¶93.

At approximately 3:15 p.m., OCPD Sgt. Nicklas Wald was transporting a witness in a homicide investigation to police headquarters to be interviewed.  When he approached the intersection of Shartel and Colcord and found it blocked by the barricade, thereby blocking access to the front door of the headquarters building, Sgt. Wald exited his vehicle and moved the barricade so he could turn onto Colcord.  Doc. 1, ¶95.  Plaintiffs stood in front and to the side of the vehicle to prevent Sgt. Wald from turning onto Colcord, and Terry yelled "hit me."  Doc. 1, ¶¶95-101.  When Sgt. Wald decided to back up, rather than turn onto Colcord, Plaintiffs followed him. Doc. 1, ¶¶104-106.  On June 24, 2020,

Detective VanNort was assigned to investigate the incident involving the Plaintiffs' interaction with Sgt. Wald.[1]

Detective VanNort reviewed Sgt. Wald's Supplemental Incident Report relating to the incident, as well as the Supplemental Incident Report of Officer Eric Long.  Doc. 1, ¶¶158-165.  He also reviewed video from the security cameras outside the police headquarters building which captured the incident from multiple angles, as well as video posted to Facebook Live of the incident. On June 25, 2020, Detective VanNort presented the case to Oklahoma County District Attorney David Prater.  Doc. 1, ¶166.  According to the Complaint, DA Prater made the decision to charge the Plaintiffs with the felony of incitement to riot.  Doc. 1, ¶167 and ¶172.

On June 26, 2020, after discussing the appropriate charges with DA Prater, VanNort prepared Affidavits for Arrest Warrants for Plaintiffs Terry, Hogsett, Baker, and Nabors on the charge of Incitement to Riot, 21 O.S. 1320.2.  Doc. 1, ¶175, ¶179, ¶181 and ¶214; Doc. 32-5, pp. 60-79.  VanNort also prepared an Affidavit for Arrest Warrant for Plaintiff Austin Mack on the same charge.  Doc. 1, ¶¶179-180; Doc. 32-5, pp. 80-82.  On June 29, 2020, after realizing he had misidentified Plaintiff Trevour Webb as Austin Mack, VanNort prepared amended Affidavits substituting Webb for Mack.  Doc. 1, ¶180, ¶237 and ¶303.  He then contacted the Oklahoma County Sheriff's Office and had the warrant for Mack recalled.  Mack was never arrested.  Doc. 1, ¶308.  On October 12, 2020, Plaintiffs Terry,

---

[1] Defendant VanNort did not participate in or investigate the June 24, 2020 incident at headquarters described in ¶117 to ¶142 of Plaintiff's Complaint, and did not prepare the probable cause affidavits relating to that incident described in ¶143 to ¶149.

Hogsett, Baker, Nabors and Webb all plead guilty to an amended charge of Obstruction of an Officer, 21 O.S. §540, in exchange for a deferred sentence.  Doc. 1, ¶258, ¶267, ¶273, ¶286 and ¶295; Exhibit 1, Docket Sheet in *State v. Nabors,* CF-2020-2930.[2] See also, Guilty Pleas, Doc. 32-6.   The obstruction statute provides:

> Every person who willfully delays or obstructs any public officer in the discharge or attempt to discharge any duty of his or her office, is guilty of a misdemeanor. Nothing in this section shall preclude a person from recording the activity of law enforcement in a public area, as long as the recording activity does not delay or obstruct the law enforcement agent in his or her duties.

Plaintiffs' Complaint does not allege Detective VanNort participated in setting bail for any of the Plaintiffs or was present during any of their arrests. See, Doc. 1, ¶¶219-220 and ¶¶232-296.   Additionally, although the Complaint lists a number of encounters between Plaintiffs and OCPD both before and after June 23, 2020, it does not allege that any of these encounters involved VanNort. See, Doc. 1, ¶¶39-50, ¶¶58-75, 318-323¶¶318-323, ¶¶329-330, and ¶¶349-356.

---

[2] While a motion to dismiss under Rule 12(b)(6) typically must rest on the contents of the complaint alone, there is an exception for matters of which a court may take judicial notice. *Baca v. Colorado Department of State*, 935 F. 3d 887, 903, n. 2, citing *Gee v. Pacheco,* 627 F. 3d 1178, 1186 (10th Cir. 2010) and *United States v. Ahidley*, 486 F. 3d 1183, 1192, n. 5 (10th Cir. 2007).  *Gee* recognizes a court may consider certain documents in ruling on a motion to dismiss, including (1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if the documents are central to the plaintiff's claims and the parties do not dispute their authenticity, and (3) matters of which a court may take judicial notice. *Ahidley* states that a court may take judicial notice of publicly-filed records from other courts concerning matters that bear directly upon the disposition of the case at hand.  See also, *GFF Corporation v. Associated Wholesale Grocers, Inc*, 130 F. 3d 1381, 1384 (10th Cir. 1997) (If a plaintiff refers to a document in the complaint and the document is central to the plaintiff's claims, a defendant may submit a copy of the document to be considered on a motion to dismiss.)

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Securities and Exchange Commission v. Shields*, 744 F. 3d 633, 640 (10th Cir. 2014), quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged. *Shields* at 640, quoting *Iqbal* at 678; *Hall v. Witteman*, 584 F. 3d 859, 863 (10th Cir. 2009). Plaintiffs must nudge the claims across the line from conceivable or speculative to plausible. *Frey v. Town of Jackson*, ___ F. 4th ___ at *4, 2022 WL 2948909 (10th Cir. July 26, 2022)[3] Allegations that are "merely consistent with a defendant's liability" stop short of that line. *Id.*, quoting *Ashcroft* at 678. In considering a motion to dismiss, the Court must accept as true all well-pleaded *factual allegations* in the complaint and view them in the light most favorable to the plaintiff. However, when the complaint involves *legal conclusions,* the tenet that the Court should accept the allegations as true "is inapplicable to those conclusions." *Safe Streets Alliance v. Hickenlooper,* 859 F. 3d 865, 878 (10th Cir. 2017), quoting *Shields* at 640.

The degree of specificity necessary to establish plausibility and fair notice depends on the type of case and on the context in which the motion was filed. *Robbins v. DHS*, 519

---

[3] Attached as Exhibit 2.

F. 3d 1242, 1248 (10th Cir. 2008).  When federal constitutional claims are alleged, to which the defendants are entitled to raise the defense of qualified immunity, this requires sufficient allegations to plausibly show both that a defendant violated the plaintiff's constitutional rights, and that those rights were clearly established at the time of the plaintiff's injury. *Id* at 1249.  Collective and generalized allegations are insufficient to overcome an assertion of qualified immunity at the motion to dismiss stage. *Walker v. Mohiuddin*, 947 F. 3d 1244, 1249 (10th Cir. 2020).  Instead, a plaintiff must identify specific actions taken by particular defendants that violated his clearly established rights. *Id.,* citing *Pahls v. Thomas*, 718 F. 3d 1210, 1228 (10th Cir. 2013).  It is particularly important that the complaint make clear "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has fair notice as to the basis of the claims against him.  *Walker* at 1250, quoting *Robbins* at 1250.

## ARGUMENT AND AUTHORITY

Despite pleading guilty to obstruction in state court, Plaintiffs Terry, Hogsett, Baker, Nabors and Webb now ask this Court to find the underlying arrests violated their respective Fourth Amendment rights. Plaintiff Mack, who was not arrested, does not assert a Fourth Amendment claim but alleges Detective VanNort violated his Fourteenth Amendment rights by initially confusing him with Webb. Additionally, all Plaintiffs assert First Amendment violations, as well as a claim for conspiracy under 42 U.S.C. §1983, against all defendants. However, despite filing a 104 page Complaint addressing events that occurred over a 100 year period between 1921 and 2021, Plaintiffs have failed to state any viable claim against Detective VanNort. The Fourth Amendment claim for false arrest

against VanNort is discussed in Proposition I of this brief, and the Fourth Amendment claim for malicious prosecution is discussed in Proposition II.  The Fourteenth Amendment equal protection claim brought by Plaintiff Mack against Detective VanNort is discussed in Proposition III.  The First Amendment claims are discussed in Proposition IV.  Finally, the conspiracy claim is discussed in Proposition V.

### PROPOSITION I

**PLAINTIFFS TERRY, HOGSETT, BAKER, NABORS
AND WEBB HAVE FAILED TO STATE A CLAIM AGAINST
DEFENDANT VANNORT FOR FALSE ARREST**

Plaintiffs' false arrest claims should be dismissed for two reasons. First, the claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L.Ed. 2d 383 (1994) because Plaintiffs Terry, Hogsett, Baker, Nabors and Webb pled guilty to the amended charge of obstructing an officer under 21 O.S. §540.  See, Doc. 32-6. Second, the claims should be dismissed because Plaintiffs' arrests were supported by probable cause.

In *Heck,* the Supreme Court held that §1983 actions are not an appropriate vehicle for challenging the validity of outstanding criminal judgments.  Therefore, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal's court's writ of habeas corpus.  *Id.* A civil suit for unreasonable seizure predicated on a false arrest is barred by *Heck* so long as the convictions arising out of that arrest remain unimpaired. *Martinez v. Albuquerque*, 184

F. 3d 1123, 1125 (10th Cir. 1999). See also, *Hooks v. Atoki*, 983 F. 3d 1193, 1200 (10th Cir. 2020) (Under *Heck,* a plaintiff cannot bring a civil-rights claim for damages under §1983 based on actions whose unlawfulness would render an existing criminal conviction invalid.)  In the instant case, Plaintiffs pled guilty to obstructing an officer, based on the same facts that supported the initial charge of incitement to riot, and have not pled facts showing their convictions were reversed, expunged or declared invalid.  Therefore, the false arrest claims against Detective VanNort should be dismissed.

In the event the Court finds the false arrest claims are not barred by *Heck,* then Terry, Hogsett, Baker, Nabors and Webb must show that Detective VanNort lacked probable cause to support the charged crime.  *Goad v. Town of Meeker,* 654 Fed. Appx. 916, 922 (10th Cir. 2016). Probable cause only requires a probability of criminal activity, not a prima facie showing of such activity. *Wilder v. Turner*, 490 F. 3d 810, 813 (10th Cir. 2007). The standard does not require proof beyond a reasonable doubt; it does not even require the suspect's guilt to be more likely true than false.  *Kerns v. Bader*, 663 F. 3d 1173, 1188 (10th Cir. 2011).  In other words, as the Supreme Court reiterated in *District of Columbia v. Wesby*, ___U.S. ___, 138 S. Ct. 577, 586, 199 L. Ed. 2d 453 (2018), probable cause is not a high bar.  Unlike a criminal case, in which the burden rests on the government to establish probable cause, in a §1983 case the plaintiff bears the burden of demonstrating that the information relied on to establish probable cause was not reasonably trustworthy. *Robertson v. Las Animas County Sheriff's Department*, 500 F. 3d 1185, 1192-1193 (10th Cir. 2007), citing *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995).

Specifically, the Plaintiffs must show a violation not of the Fourth Amendment's *Warrant Clause* but of the *Reasonableness Clause,* because for §1983 liability in Fourth Amendment claims the seizure must be unreasonable. *Goad* at 922, citing *Brower v. City of Inyo*, 489 U.S. 593, 599, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989) (emphasis by court). The issue is not whether there was probable cause to issue the arrest warrant, based solely on the information in the application, but whether there was probable cause to support the criminal charge against Plaintiffs. *Goad* at 921. Even when an arrest warrant is invalid, probable cause is sufficient to justify arrest. *Goad* at 922. This is consistent with the rule, applied in the context of warrantless arrests, that an arrest is not invalid under the Fourth Amendment simply because the police officer subjectively intended to base the arrest on an offense for which probable cause is lacking, if the circumstances, viewed objectively, justify the arrest. *Quinn v. Young*, 780 F. 3d 998, 1004 (10th Cir. 2015), relying on *Devenpeck v. Alford*, 543 U.S. 146, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004).

When the defense of qualified immunity is raised, even if actual probable cause is not established, an officer is entitled to qualified immunity if probable cause is at least "arguable." *Shimomura v. Carlson*, 811 F. 3d 349, 353 (10th Cir. 2015); *Koch v. City of Del City,* 660 F. 3d 1228, 1241 (10th Cir. 2011) Arguable probable cause is another way of saying that the officer's conclusions rested on an objectively reasonable, even if mistaken, belief that probable cause existed. *A.M. v. Holmes,* 830 F. 3d 1123, 1139 (10th Cir. 2016), citing *Stonecipher v. Valles*, 759 F. 3d 1134, 1141 (10th Cir. 2014). Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity. *Hunter v. Bryant,* 502 U.S. 224, 112 S. Ct. 534, 537, 116 L. Ed. 2d 589 (1991).

9

A reasonable mistake in interpreting a criminal statute, for purposes of determining whether there is probable cause for arrest, entitles an officer to qualified immunity. *Mocek v. City of Albuquerque*, 813 F. 3d 912, 928 (10th Cir. 2015), citing *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed. 2d 565 (2009).

A judge's issuance of a warrant is the clearest indication that the officers acted in objectively reasonable manner. *Stonecipher* at 1141, citing *Messerschmidt v. Millender*, 565 U.S. 535, 132 S. Ct. 1235, 1245, 182 L. Ed. 2d 47 (2012). To defeat qualified immunity, the plaintiff must make a substantial showing of deliberate falsehood or reckless disregard for truth by the officer seeking the warrant. *Stonecipher* at 1142. The Second Circuit discussed qualified immunity under *Messerschmidt* in *Barboza v. D'Agata*, 676 Fed. Appx. 9 (2nd Cir. 2017) (summary order). The plaintiff in *Barboza* was arrested for aggravated harassment after writing vulgar and obscene words on a traffic-citation payment form.[4] The District Attorney, although recognizing the plaintiff might have a First Amendment defense, decided the words were sufficiently threatening to justify the harassment charge. *Id.*at 11. Officer D'Agata prepared the information and arrested the plaintiff; the plaintiff filed suit under 42 U.S.C. §1983, alleging false arrest and free speech violations.  *Id.* The Second Circuit held the officer was entitled to qualified immunity on the false arrest charge, stating:

> An officer is not automatically entitled to qualified immunity simply because prosecutors or magistrates approve a challenged arrest; he can still be subject to suit if "it is obvious that no reasonably competent officer would have concluded" that a lawful arrest could be made. *Malley v. Briggs*, 475 U.S. at

---

[4] Specifically, Barboza wrote "FUCK YOUR SHITTY TOWN BITCHES." He also crossed out "Liberty" (the name of the town) and substituted "Tyranny."

341, 106 S.Ct. 1092. But the threshold for reaching that conclusion "is a high one" that is not easily satisfied where a challenged charging instrument is approved by both a prosecutor and magistrates. *Messerschmidt v. Millender*, 132 S.Ct. at 1245. The error here—a matter of constitutional law—was not one officers could be expected to identify at "a simple glance." *See id*. at 1250 (internal quotation marks omitted); *see also Amore v. Novarro*, 624 F. 3d 522, 534-35 (2nd Cir. 2010) (observing that police officers are not expected to be lawyers or prosecutors and, in deciding what reasonable person in their position would know about constitutionality of conduct, courts do not ask what lawyer would intuit from researching case law). In these circumstances, "[t]he fact that none of the officials who reviewed [a charging instrument] expressed concern about its validity demonstrates that any error was not obvious." *Messerschmidt* at 1250. Accordingly, we conclude that the defendant police officers are entitled to qualified immunity[.] *Barboza* at *15.

In the instant case, Plaintiffs specifically allege that Detective VanNort discussed the potential charges with DA Prater before preparing the affidavits.  Doc. 1, ¶166, ¶168, ¶¶178-180.  VanNort is not a lawyer, and is not expected to have the same grasp of the intricacies of constitutional law as the prosecutor. If there was an error in concluding that the Oklahoma incitement to riot charge, 21 O.S. §1320.2, covered Plaintiffs' conduct, it was not an error an officer "could be expected to identify at a simple glance."  Therefore, under *Messerschmidt* and *Mocek,* and consistent with the analysis of *Barboza*, VanNort is entitled to qualified immunity on the false arrest charge.

However, even if the Court believes Detective VanNort had an obligation to independently assess the applicability of §1320.2, he is entitled to qualified immunity because at least arguable probable cause existed to charge the Plaintiffs with incitement to riot.  Although Plaintiffs seem to believe it is possible to draw a bright line between protected speech and unprotected conduct, see Doc. 1, ¶¶193-197, ¶¶200-202, and ¶205-207, the Supreme Court has implicitly rejected this conclusion. *Nieves v. Bartlett,* 139 S.

Ct. 1715, 1724, 204 L.Ed. 2d 1 (2019) specifically recognizes that protected speech is often a "wholly legitimate consideration" for officers when deciding whether to make an arrest because the content and manner of a suspect's speech may convey vital information about whether a suspect presents a threat. This is consistent with the analysis of *Price v. State*, 1994 OK CR 26, 873 P. 2d 1049, upon which Plaintiffs rely. See, Doc. 1, ¶190.

*Price* also arose out a racially charged confrontation with police, with Price "using profanity, telling the officers they were unwelcome and urging them to leave" and "fac[ing] the officer with a clenched fist." *Id.* at 1051. After he was handcuffed, Price yelled the officers were hurting him and asked the crowd "Help me. Stop them. Get them off me." The gathered crowd, which had not been "particularly disorderly," moved closer and one person may have struck an officer. *Id.* Price was convicted of incitement to riot under §1320.2. The Court of Criminal Appeals reversed the conviction and *remanded for a new trial* with directions to include the clear and present danger element in the jury instruction explaining §1320.2. *Id.* at 1052. Remand was necessary because "the clear and present danger test *enables a trier of fact to decide* when particular expression becomes so entwined with action that the expression may be considered action and subject to suppression or punishment." *Id.* at 1052. By definition, if the case was remanded for a new trial, then the incitement to riot charge was supported by probable cause. Therefore, the false arrest claim against Detective VanNort should be dismissed.

**PROPOSITION II**

**PLAINTIFFS TERRY, HOGSETT, BAKER, NABORS
AND WEBB HAVE FAILED TO STATE A CLAIM AGAINST
DEFENDANT VANNORT FOR MALICIOUS PROSECUTION**

To recover on a malicious prosecution claim in the Tenth Circuit, a plaintiff must prove five elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Margheim v. Buljko*, 855 F. 3d 1077, 1085 (10th Cir. 2017), citing *Wilkins v. DeReyes*, 528 F. 3d 790, 799 (10th Cir. 2008); *Craft v. White*, 840 Fed. Appx. 372, 376 (10th Cir. 2021).  At the time of Plaintiffs' arrests, the Tenth Circuit defined a favorable termination as one that indicates the innocence of the accused.  *Cordova v. City of Albuquerque*, 816 F. 3d 645, 651(10th Cir. 2016). However, in *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022), the Supreme Court abrogated this portion of *Cordova* and held that a favorable termination does not require an affirmative indication of innocence.

Instead, to demonstrate a favorable termination, a plaintiff must show that his or her prosecution ended *without a conviction. Thompson* at 1335. Requiring a plaintiff to show that his prosecution ended with an affirmative indication of innocence is not necessary to protect officers from unwarranted civil suits because officers are still protected by the requirement that the plaintiff show the absence of probable cause and by qualified immunity. *Id.* at 1340-1341. The favorable termination requirement serves multiple purposes: (1) it avoids parallel litigation in civil and criminal proceedings over the issues

13

of probable cause and guilt; (2) it precludes inconsistent civil and criminal judgments where a claimant could succeed in the tort action after having been convicted in the criminal case; and (3) it prevents civil suits from being improperly used as collateral attacks on criminal proceedings. *Id.* at 1338.

There is no issue of parallel litigation in the instant case, because Plaintiffs Terry, Hogsett, Baker, Nabors and Webb ended the criminal proceedings by voluntarily pleading guilty to a lesser charge of obstruction. However, Plaintiffs are clearly trying to use this lawsuit as an improper collateral attack on the criminal proceedings. This attack should fail, because the law is well-settled that a guilty plea is not a termination in favor of the accused for purposes of a malicious prosecution claim. *Halik v. Darbyshire*, 2021 WL 4556188 (D. Colo. Aug. 23, 2021),[5] quoting *Guinn v. Unknown Lakewood Police Officers*, 2010 WL 4740326 (D. Colo. Sept. 30, 2010).[6] In *Guinn*, the plaintiff argued that the criminal proceedings were terminated in his favor when the state agreed to drop the felony charge against him in return for his guilty plea to misdemeanor charges. *Id.* at *5. The court rejected this argument, holding it is rare for a defendant to plead guilty to every charge against him. The more logical approach is to consider as a total transaction whether the activity forming the basis for the arrest is the same as the activity to which the defendant pleaded guilty. *Id.* As *Olachea v. City of Farmington*, 2015 WL 13662868 (D.N.M. June 29, 2015) recognizes, a plaintiff alleging malicious prosecution "cannot pick and choose

---

[5] Attached as Exhibit 3.
[6] Attached as Exhibit 4.

which crime he wishes to focus on in establishing a lack of probable cause for his arrest."

*Id.* at *4. *Olachea* states:

> Plaintiff bases his entire malicious prosecution claim on the fact that he was not convicted on the charge of Great Bodily Harm by Vehicle, overlooking the fact that he pled guilty to the crime of Driving While Under the Influence of Alcohol ("DUI") and does not challenge the validity of that conviction. As a result, Plaintiff does not—and cannot—allege a lack of probable cause for his arrest, nor can he assert that the proceeding on a charge for which he was arrested ended in his favor, which is required in order to assert a plausible malicious prosecution claim. Plaintiff cannot pick and choose which crime he wishes to focus on in establishing a lack of probable cause for his arrest. The legality of an arrest may even be established by proving there was probable cause to believe the plaintiff committed a crime other than the one with which he was ultimately charged provided the crime under which the arrest was made and the crime for which probable cause exists are related in some fashion. All that matters is whether the officer possessed knowledge of evidence that would provide probable cause to arrest a suspect on some ground. Here, the charges of Great Bodily Harm by Vehicle and DUI have the common connection of operating a vehicle while intoxicated by drugs or alcohol. Probable cause existed for Plaintiff's arrest and his plea of guilty to the crime of DUI forecloses any argument that the proceeding ended in Plaintiff's favor. (citations omitted) *Olachea* at *5.

The Plaintiffs' decision to plead guilty in exchange for deferred judgments may have "robbed" them of their malicious prosecution claims, but "such trade-offs are a standard feature of malicious prosecution law." *Lessard v. Cravitz*, 686 Fed. Appx. 581, 587 (10th Cir. 2017), quoting *Cordova* at 652. Even if the Court does not agree that Plaintiffs' guilty pleas, standing alone, preclude their malicious prosecution claims against Detective VanNort, he would still be entitled to qualified immunity based on the third element identified in *Marghiem* and *Wilkins* because an arrest which is supported by probable cause cannot be the basis for a malicious prosecution claim. *Clema v.*

*Colombe*, 676 Fed. Appx. 801, 805 (10 Cir. 2017), citing *Puller v. Baca*, 781 F. 3d 1190, 1200 (10th Cir. 2015).

Accepting as true the allegations that the Plaintiffs never had Sgt. Wald's patrol car completely surrounded, see Doc. 1, ¶108 and ¶213, they nevertheless delayed Sgt. Wald's ability to discharge the duty of transporting a witness to the homicide office by obstructing the most direct route to OCPD headquarters.  This meets the definition of Obstructing an Officer under 21 O.S. §540, as this Court recognized in *Martin v. City of Oklahoma City,* 180 F. Supp. 3d 978, 988-990 (W.D. Okla. 2016). In *Martin,* the defendant officers were engaged in a struggle with a belligerent, intoxicated individual outside a nightclub where the plaintiff worked as a private security guard.  *Martin* at 982.  The plaintiff approached the officers several times, despite being ordered to step back; his conduct distracted the officers' attention away from the arrestee and delayed them—if only briefly—in performing their lawful work. *Id.* at 989.  This gave the officers at least arguable probable cause to believe the plaintiff was violating 21 O.S. §540. *Id.*  at 988-989, relying on *United States v. Christian*, 190 Fed. Appx. 720, 722-723 (10th Cir. 2006) (Defendant's actions as a whole—distracting the officers and refusing several requests and an order to leave the area—could sufficiently delay or obstruct an officer in the performance of his duties to permit a reasonable belief that there was probable cause for an arrest under §540.)

Given their guilty plea to obstruction, Plaintiffs Terry, Hogsett, Baker, Nabors and Webb seem to be relying on the theory they should be able to maintain a malicious prosecution claim on a charge-by-charge basis.  While plaintiffs in many cases have made a similar argument, at the time of Plaintiffs' arrests there was "no clearly established law

16

in the Tenth Circuit suggesting that a claim for malicious prosecution lies when one charge is supported by probable cause but other simultaneous charges arising from the same set of facts are not." *Najera v. Brookhouser*, 2020 WL 4050383 at *8 (D.N.M July 20, 2020),[7] quoting *Van de Weghe v. Chambers*, 569 Fed. Appx. 617, 620 (10th Cir. 2014). In *Bickford v. Hensley*, 832 Fed. Appx. 549 (10th Cir. 2020), decided four months after Plaintiffs were arrested, the Tenth Circuit declined to answer the question of "whether an officer who knowingly or recklessly included false statements on a warrant affidavit can be liable for false arrest despite having had probable cause to arrest Plaintiff without a warrant for a different offense not identified in the affidavit." *Bickford* at 556, n. 5.

To defeat qualified immunity, a plaintiff must point to a Supreme Court or Tenth Circuit precedent close enough on point to make the unlawfulness of the officer's actions apparent, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. *Frazier v. Evans,* 992 F. 3d 1003, 1014 (10th Cir. 2021); *Pauly v. White,* 874 F. 3d 1197, 1222 (10th Cir. 2017). A reasonable officer is not required to foresee judicial decisions that do not yet exist. *Kisela v. Hughes*, ___U.S.___, 138 S. Ct. 1148, 1154, 200 L. Ed. 2d 449 (2018). A recent Tenth Circuit case recognizing that the legal issue forming the basis of Plaintiffs' claims has not yet been recognized is the antithesis of clearly established law. In the instant case, Detective VanNort had at least arguable probable cause to arrest Plaintiffs Terry, Hogsett, Baker, Nabors and Webb on at least an obstruction charge. Therefore, VanNort is entitled to qualified immunity

---

[7] Attached as Exhibit 5.

on the malicious prosecution claim even if Plaintiffs are correct that his probable cause affidavits "contained a number of material misrepresentations and omissions." See, Doc. 1, ¶209.  The Fourth Amendment malicious prosecution claim against Detective VanNort should be dismissed.

## PROPOSITION III

### PLAINTIFF MACK HAS FAILED TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM AGAINST DEFENDANT VANNORT

In order to state a claim for selective prosecution or selective enforcement under the Fourteenth Amendment, a plaintiff must show that law enforcement officials were motivated by a discriminatory purpose and that their actions had a discriminatory effect. *United States v. Casanova*, ____Fed. Appx. ___, 2022 WL 946944 (10th Cir. March 30, 2022); [8] *United States v. Alcaraz-Arellano*, 441 F. 3d 1252, 1264 (10th Cir. 2006); *Marshall v. Columbia,* 345 F. 3d 1157, 1167 (10th Cir. 2003).  As this Court recognized in *Guthrie v. Hall*, 2018 WL 6059395 (W.D. Okla. November 19, 2018),[9] this is a demanding standard because "judicial interference with law-enforcement discretion might induce police officers to protect themselves against false accusations in ways that are counterproductive to fair and effective enforcement of the laws." *Guthrie* at *8, quoting *Alcaraz-Arellano* at 1264.  Police officers should not lightly be put to the expense and risk of trial on charges of racial discrimination that may be easy to make but difficult to disprove. *Marshall* at 1167.

---

[8] Attached as Exhibit 6.
[9] Attached as Exhibit 7.

Statistical evidence, such as that offered in ¶¶22-24 of Plaintiffs' Complaint, if reliable, may be relevant in certain equal protection cases, but statistical evidence alone is rarely enough to show discriminatory purpose. *Blackwell v. Strain,* 496 Fed. Appx. 836, 840 (10th Cir. 2012). This is because, to prevail on an equal protection claim, a plaintiff "must prove that the decisionmakers in *his* case acted with discriminatory purpose." *Id.* at 840, quoting *McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S. Ct. 756, 95 L. Ed. 2d 262 (1987). The relevant inquiry, as *Estate of Harmon v. Salt Lake City*, 471 F. Supp. 3d 1203 (D. Utah 2020)[10] recognizes, is whether Detective VanNort acted with discriminatory intent, not whether other officers in the OCPD act or have acted with discriminatory intent. As *Harmon* explains:

> To establish a discriminatory purpose, Plaintiffs must allege that discriminatory intent was a motivating factor in Officer Fox's decision to shoot Harmon. Parties generally rely on direct evidence of police motivation or statistical comparisons to show discriminatory intent. Plaintiffs here do not rely on any direct evidence to allege that Officer Fox shot Harmon because of his race. Instead, they argue that their conclusory allegations are supported by sufficient statistical and historical data concerning SLCPD's "record of racially biased policing" and "use of deadly force" to establish discriminatory purpose. Plaintiffs' allegations are legally insufficient. (internal quotations and footnotes omitted) *Harmon* at 1223.

In *United States v. Armstrong,* 517 U.S. 456, 465, 116 S. Ct. 1480, 134 L.Ed. 2d 687 (1996), the Supreme Court held prosecutorial decisions are entitled to a presumption that they do not violate equal protection, which can only be overcome by clear evidence to the contrary. The same presumption applies to claims of racially discriminatory arrests.

---

[10] Reversed and remanded on other grounds by *Estate of Harmon v. Salt Lake City*, ___Fed. Appx. ___, 2021 WL 5232248 (10th Cir. Nov. 10, 2021).

*Marshall* at 1167. See also, *McCoy v. City of Independence*, 2013 WL 4517535 at \*5 (D. Kan. Aug. 26, 2013) (Plaintiff alleging racial profiling must show clear evidence that the defendant officer's actions had a discriminatory effect and were motivated by a discriminatory purpose in order to overcome presumption that law enforcement conduct did not violate equal protection.)[11] To establish a discriminatory effect in a selective prosecution case, the plaintiff must show that similarly-situated individuals of a different race were not prosecuted.  To meet the discriminatory-effect element in a selective enforcement case, the plaintiff must show that a similarly-situated individual of another race could have been, but was not, arrested for the offense for which the plaintiff was arrested. *Alcara-Arellano* at 1264.  See also, *Diallo v. Milligan*, 2019 WL 3302166 at \*10 (D. Colo. July 23, 2019) (Dismissing the plaintiff's equal protection claim because "providing examples of prior misconduct toward African-Americans without any point of comparison to similarly situated white suspects" was insufficient to support an inference that the defendant officer's conduct during traffic stop was motivated by racial animus.)[12]

In the instant case, Plaintiff Mack has not alleged, and could not allege, that similarly-situated individuals of a different race were not accused of or arrested for incitement to riot.   The Complaint specifically alleges that Plaintiffs Hogsett and Nabors are White and/or Hispanic.  See, Doc. 1, ¶27 and ¶29.  Moreover, it is not discriminatory for an officer to consider race in making a stop or arrest when race was one accurate criteria

---

[11] Attached as Exhibit 8.
[12] Attached as Exhibit 9.

that described a suspect's appearance.  *McCoy* at *6.  While Detective VanNort knew from

watching the surveillance videos that the suspect he was trying to identify was Black,

VanNort did not misidentify Mack as Webb "based on nothing more than his race."  See,

Doc. 1, ¶442.  VanNort also knew that Mack was involved in other protests and was friends

with Plaintiff Terry.  See, Doc. 1, ¶305.  While VanNort made a mistake in identifying the

suspect seen in the surveillance videos as Mack instead of Webb, this mistake was

corrected within a few days before Mack was ever arrested. See, Doc. 1, ¶180 and ¶308.

At most, this could be construed as negligence. However, allegations that a police officer

acted negligently do not state a claim for a Fourteenth Amendment violation actionable

under §1983.  *Romero*  at 1478, citing *Daniels v. Williams,* 474 U.S. 327, 333, 106 S. Ct.

662, 88 L.Ed. 2d (1985).

As the Tenth Circuit recognized in *Barwick v. Behnke*, 548 Fed. Appx. 516, 519

(10th Cir. 2013), a plaintiff's subjective belief that he was arrested because of his race is

not enough to support an equal protection claim.   See also, *Navarette v. City of*

*Albuquerque*, 2004 WL 7337605 at *4 (D.N.M Aug. 11, 2004) (Defendant officer was

entitled to qualified immunity because the plaintiff's racial profiling claim was supported

by nothing more than mere speculation and conjecture)[13] In the instant case, Plaintiff

Mack's equal protection claim is supported by nothing more than his subjective belief that

---

[13] Attached as Exhibit 10.

he was (almost) arrested because of his race.  Therefore, the equal protection claim against Detective VanNort should be dismissed.

**PROPOSITION IV**

**PLAINTIFFS HAVE FAILED TO STATE
A FIRST AMENDMENT CLAIM
AGAINST DEFENDANT VANNORT**

Plaintiffs have brought three separate claims based on alleged violations of their First Amendment rights. Count I alleges violations of Plaintiffs' right to freedom of speech, freedom of press, and freedom from retaliatory arrest and prosecution.  Count II alleges violation of the Plaintiffs' right to petition, and Count III alleges content and/or viewpoint discrimination. However, although Detective VanNort is named in all three counts, the only specific allegations made against VanNort relate to his role in investigating the June 23, 2020 and preparing probable cause affidavits based on the crimes Plaintiffs committed on June 23, 2020. See, Doc. 1, ¶152, ¶157, ¶166, and ¶¶178-215.[14]  Plaintiffs do not identify any specific actions taken by VanNort with respect to the claims based on freedom of the press, freedom to petition, or viewpoint discrimination which are separate from the arrest. See, Doc. 1, ¶¶401-419.

As *Walker* makes clear, collective and generalized allegations are insufficient to overcome an assertion of qualified immunity at the motion to dismiss stage. In the instant

---

[14] Although ¶249 alleges VanNort directed US Marshals and other OCPD officers to seize Plaintiff Nabors' gun in the course of attempting to execute the arrest warrant for Nabors, ¶279 clarifies that his role was simply relaying directions regarding the gun from Defendant Prater to officers at the scene.

case, collective allegations that "Defendants" have "refus[ed] to hear the complaints of racial justice protestors," or are "targeting, surveilling, arresting, and detaining" Plaintiffs, or have "subjected them to unjustified arrest, traffic stops and/or prosecution, and the imposition of excessive bail" do not make clear "exactly *who* is alleged to have done *what* to *whom*" and do not provide VanNort fair notice as to the basis of the claims against him. *Walker* at 1250, quoting *Robbins* at 1250. Therefore, the only possible First Amendment claim which arguably could be alleged against VanNort is the claim for retaliatory arrest and prosecution. This claim is barred however because, as is discussed in Proposition I, VanNort had probable cause to arrest Plaintiffs Terry, Hogsett, Baker, Nabors and Webb. Mack's claim for retaliatory arrest is barred because he was not arrested.

Under *Nieves*, a plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest. *Nieves* rejected a subjective approach in which the relevant determination is "whether the officer intended to punish the plaintiff" for protected speech," reiterating that "evenhanded law enforcement is best achieved by the application of objective standards of conduct." *Id.* at 1724-1725. The Tenth Circuit, following *Nieves,* granted qualified immunity and dismissed retaliatory arrest claims in *Frey* and *Craft.* The Tenth Circuit also granted summary judgment on the grounds of qualified immunity to officers sued for retaliatory arrest in *Fenn v. City of Truth or Consequences*, 983 F. 3d 1143, 1149 (10th Cir. 2020) and *Hinkle v. Beckham County Board of County Commissioners*, 962 F. 3d 1204, 1226 (10th Cir. 2020).

Applying a subjective approach would allow even doubtful retaliatory arrest suits to proceed based solely on allegations about an arresting officer's state of mind. *Nieves* at

1725. As a result, policing certain events like an unruly protest would pose overwhelming litigation risks in which any inartful turn of phrase could land an officer in years of litigation. *Id.* Moreover, contrary to Plaintiffs' allegations that actions such as blocking the roadway, yelling and pointing at Sgt. Wald's vehicle, raising their fists, and screaming "Fuck the Police!" should not have been considered by VanNort or included in the probable cause affidavits he prepared, see Doc. 1, ¶¶191-208, *Nieves* specifically recognizes that protected speech is often a "wholly legitimate consideration" for officers when deciding whether to make an arrest because the content and manner of a suspect's speech may convey vital information about whether a suspect presents a threat. *Id.* at 1724.

*Nieves* recognized a narrow exception to the probable cause requirement for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so. *Nieves* at 1727. The no-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when other similarly-situated individuals not engaged in the same sort of protected speech had not been. *Id.* at 1728. Plaintiffs are not required to prove their case at the pleading stage, but they must at least present concrete factual allegations that the defendant officer declined to arrest other similarly-situated individuals who were not engaged in the same type of speech. *Frey* at *6. The Plaintiffs in the instant case have not made any such allegations. Although the Complaint mentions many protestors who were not arrested, including others involved in the painting of the mural, it does not identify any individuals who attempted to block the progress of a police officer transporting a witness but who were not arrested.

*Frey* also recognizes allegations that the statute under which a plaintiff was arrested is facially overbroad, and therefore unenforceable, do not support a retaliatory arrest claim. While overbreadth may work as a defense to prosecution, it is irrelevant to whether an officer had probable cause to arrest. *Frey at* \*6, citing *Mocek*  at 927-928 ("The validity of the statute is hardly relevant to the probable cause determination because officers generally may presume that statutes are constitutional until declared otherwise."). See also, *Michigan v. DeFillippo*, 443 U.S. 31, 38, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979) ("Police officers are charged to enforce laws unless and until they are declared unconstitutional. . . Society would be ill-served if its police officers took it upon themselves to determine which laws are and are not constitutionally entitled to enforcement."); *Knutson v. City of Oklahoma City*, 402 F. Supp. 3d 1266, 1272-1273 (W.D. Okla. 2019) ( Courts do not require officials to anticipate future developments in the law.)

In the instant case, the Plaintiffs have alleged the "Defendants [sic] actions were and are overbroad and unjustified." See, Doc. 1, ¶416, They have also filed a separate lawsuit seeking a declaration that 21 O.S. §1311 (the state statute defining "riot") is unconstitutionally overbroad and vague.  See, *Terry v. O'Connor*, CIV-22-521-HE, Doc. 1, ¶2.  However, even if this challenge is successful, Detective VanNort would still be entitled to qualified immunity on the retaliatory arrest claim. As *Mocek* and *Knutson* recognize, although future courts might limit the scope of a statute, police officers are not required to anticipate such limitations.  Therefore, the First Amendment claims against Detective VanNort should be dismissed.

**PROPOSITION V**

**PLAINTIFFS HAVE FAILED TO STATE
A CLAIM FOR CONSPIRACY UNDER §1983
AGAINST DEFENDANT VANNORT**

Conspiracy requires an agreement, and in particular an agreement to do an unlawful act, between or among two or more separate persons. *Zigler v. Abbasi,* 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017).  To establish a conspiracy under §1983, a plaintiff must prove (1) an agreement and concerted actions between the defendants and (2) an actual deprivation of constitutional rights. *Shimomura* at 359, citing *Tonkovich v. Kansas Board of Regents*, 159 F. 3d 504, 533 (10th Cir. 1998).  Conclusory allegations of conspiracy will not suffice. *Id.* Both elements are essential; pleading and proof of one without the other is insufficient to support a conspiracy claim. *Hinkle* at 1218; *Moses-El v. City and County of Denver,* ___Fed. Appx. __, 2022 WL 1741944 (10th Cir. May 31, 2022);[15] Indeed, as *Moses-El* recognizes "the essence of a §1983 claim is the deprivation of the right rather than the conspiracy."  *Moses-El* at *17, quoting *Dixon v. City of Lawton*, 898 F. 2d 1443, 1449 (10th Cir. 1990).

The allegations made by Plaintiffs in the instant case do not satisfy either element. First, as is discussed in Propositions I through IV, Plaintiffs have not stated a claim that Detective VanNort's actions violated the First, Fourth or Fourteenth Amendment.  Their failure to plausibly plead a deprivation of constitutional rights dooms the conspiracy claim. *Moses-El* at *17.  In the absence of an underlying constitutional violation, any "agreement"

---

[15] Attached as Exhibit 11.

26

that may have been made is irrelevant. Second, Plaintiffs cannot prove any agreement and concerted action to do an unlawful act.

As the Supreme Court recognized in *Zigler*, when two or more agents of the same legal entity make an agreement in the course of their official duties, as a practical and legal matter, their acts are attributed to their principal; it then follows that there has not been an agreement between two or more separate people. *Id.* Thus, *Zigler* precludes any finding of conspiracy between VanNort and the City of Oklahoma City.  With respect to any purported agreement between VanNort and Defendant Prater, the allegations of the Complaint plausibly demonstrate that VanNort and Prater were both involved in the investigation and prosecution of the Plaintiffs.  But that is all the allegations establish, and that is not enough. Parallel action does not necessarily indicate an agreement to act in concert. *Frasier* at 1025. There must be an agreement or "meeting of the minds." *Id.* at 1024 citing *Brooks v. Gaenzle,* 614 F. 3d 1213, 1227-1228 (10th Cir. 2010). Additionally, if an agreement does exist, the agreement must be illegal to support a conspiracy claim. *Frasier* at 1025. Therefore, proof that defendants formed an agreement or conspired to engage in lawful activities—including lawful investigative activities—would be inadequate to support a conspiracy claim. *Id.*  See also, *T.S.H. v. Green*, 996 F. 3d 915 (8th Cir. 2021) (If a reasonable officer could believe he was acting lawfully as an individual, then he could also believe he was working with a colleague toward the same end.).

Plaintiffs specifically allege that VanNort and Prater discussed the possibility of felony charges, but that the final charging decision was made by Prater.  See, Doc. 1, ¶167, ¶168, ¶172 and ¶181.  Under *Stonecipher,* it is objectively reasonable for a police officer

27

to seek legal advice from a prosecuting attorney regarding whether a particular crime has been committed.  The officer is generally protected from liability for unlawful arrest or malicious prosecution if he provided the prosecutor with all of the materials the officer reviewed. *Id.* at 1147. The analysis of *Stonecipher* is consistent with *Hollingsworth v. Hill*, 110 F.3d 733, 741 (10th Cir. 1997), which granted qualified immunity to a deputy who removed children from their mother's custody without notice and a hearing. Although the right to notice and a hearing was clearly established, the deputy was entitled to qualified immunity because he sought legal advice from the district attorney before acting. *Id.* See also, *Brooks v. Hinzman*, 2015 WL 4041708, *8 (D. Kan. July 1, 2015) (social worker who consulted with the district attorney,  "the chief law enforcement officer" of the county, before removing children from their home was entitled to qualified immunity under the extraordinary circumstances doctrine discussed in *Hollingsworth*).[16]

In the instant case, if the Court accepts as true the allegations in ¶166 and ¶181 that "Defendant VanNort presented the case to Defendant Prater" and that "Defendants Prater and VanNort conferred about what to include in the affidavit," then it necessarily follows that Prater knew all of the information known to VanNort.  Because it was reasonable for VanNort to seek legal advice regarding the appropriate charge, it was also reasonable for him to rely on that advice.  Thus, even if the Court were to find Plaintiffs have plausibly alleged that Prater was acting with improper or retaliatory motives in deciding to file felony charges, the allegations do not support a conclusion that VanNort knew about or agreed to

---

[16] Attached as Exhibit 12.

these motives when he prepared the affidavits for arrest warrants. VanNort was simply engaging in what he believed to be lawful investigative activities.  In other words, Plaintiffs have not plausibly alleged the "meeting of the minds" necessary to support a conspiracy. Therefore, the §1983 conspiracy claim against Detective VanNort should be dismissed.

## CONCLUSION

Like all citizens, Plaintiffs have a right to protest the actions of the police.  However, that right does not encompass the physical obstruction of a police officer who is attempting to discharge his duty of transporting a witness. For the reasons stated above, and consistent with the authority cited above, Defendant VanNort requests that this Court dismiss all of Plaintiffs' claims against him.

Respectfully submitted,

s/ Stacey Haws Felkner
Chris J. Collins, OBA No. 1800
Stacey Haws Felkner, OBA No. 14737
COLLINS, ZORN  & WAGNER, PLLC
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
Telephone:  (405) 524-2070
E-mail: cjc@czwlaw.com
  shf@czwlaw.com

ATTORNEYS   FOR   DEFENDANT
THOMAS VANNORT

29

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2022, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Megan Lambert, email: mlambert@acluok.org
AMERICAN CIVIL LIBERTIES UNION
 OF OKLAHOMA FOUNDATION
P.O. Box 13327
Oklahoma City, OK 73113

Anjana Malhotra, email: malhotra@nclej.org
Ranit Patel, email: patel@nclej.org
Karina Tefft, email: tefft@nclej.org
Claudia Wilner, email: wilner@nclej.org
NATIONAL CENTER FOR LAW
 AND ECONOMIC JUSTICE, INC.
50 Broadway, Suite 1500
New York, NY 10004

Thomas E. Riley, email: Thomas.riley@hsf.com
Barron M. Flood, email: Barron.flood@hsf.com
HERBERT SMITH FREEHILLS NEW YORK, LLP
450 Lexington Avenue
New York, NY 10017
*Attorneys for Plaintiffs*

Richard N. Mann, email: Richard.mann@okc.gov
Katie Goff, email at: Katie.goff@okc.gov
Assistant Municipal Counselor
City of Oklahoma City
200 N. Walker Avenue, Suite 400
Oklahoma City OK 73102
*Attorneys for Defendant City of Oklahoma City*

Kevin L. McClure, email at: kevin.mcclure@oag.ok.gov
Jessica Wilkes, email at: jessica.wilkes@oag.ok.gov
Litigation Division
Assistant Attorney General
Oklahoma Attorney General's Office
313 N.E. 21st Street
Oklahoma City, OK 73105-4398
***Attorney for Defendant David Prater***

s/ Stacey Haws Felkner

Stacey Haws Felkner