## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SINCERE TERRY, MIA HOGSETT, TYREKE BAKER, PRESTON NABORS, TREVOUR WEBB, AND AUSTIN MACK <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF OKLAHOMA CITY, OKLAHOMA, THOMAS VANNORT, DAVID PRATER, and DOES 1-10, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-2022-522-C<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT CITY'S MOTION TO DISMISS
## AND BRIEF IN SUPPORT

Comes now Defendant City of Oklahoma City ("City"), pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 8 and 12(b)(6) and respectfully request that this Court dismiss Plaintiffs' Amended Complaint for failure to comply with Rule 8, and for failure to state a claim upon which relief may be granted pursuant to 12(b)(6). In support of its Motion, Defendant states as follows:

1.  Plaintiffs' one-hundred and four page Amended Complaint fails to comply with FRCP 8 as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" and that is after this Defendant filed a motion to strike the initial complaint for being overly long, redundant and containing completely irrelevant information.  (See Doc.# 29)  In fact the Amended Complaint is almost exactly the same length as the initial complaint after Plaintiffs deleted two attached articles.

2. The Plaintiffs fail to state a claim upon which relief may be granted for the reasons set out herein.

## BRIEF IN SUPPORT

## STATEMENT OF THE CASE

Plaintiffs bring this case pursuant to the First, Fourth, and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983 alleging violations of their constitutional rights related to their proclaimed peaceful political activism. However, all events of their protest are beyond the applicable two (2) year statute of limitations. The only exception is the complained of arrests after June 23, 2020, of Terry, Hogsett, Baker, Nabors, and Webb, and charges to which they ultimately negotiated and plead guilty to reduced charges. Although charges were initially prepared against Plaintiff Mack, he was not arrested and charges against him were later dropped by District Attorney Prater.

## STANDARD OF REVIEW

Pursuant to the pleading code at FRCP 8, "…a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction… (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief…" The Tenth Circuit has upheld dismissal of complaints for being too long. (See: *McNamara v. Brauchler,* 570 Fed. Appx. 741 (10th Cir. 2014) (Attachment 1). As an example of Plaintiffs' violation of Rule 8, George Floyd's name is mentioned 16 times in the first ten pages of the actual complaint, with a detailed description of his murder by Minneapolis policeman Derek Chauvin on page 13. This is not an allegation

against the City and the inclusion of this description over 2 paragraphs is wholly unnecessary in this complaint and inconsistent with Rule 8.

Fed. R. Civ. P. 12(b)(6) empowers a court to dismiss a complaint for failure to state claims upon which relief may be granted. Motions to dismiss are properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965, 1974 (citations omitted). The Supreme Court's standard for 12(b)(6) dismissal is "whether the complaint contains 'enough facts to state a claim that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177, (10th Cir. 2007) (quoting *Bell Atl.,* 550 U.S. 544, 570 (2007)). The court should look for plausibility in the[e] complaint." *Alvarado v. KOBTV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Bell Atl.,* 127 S.Ct. at 1974). The specific allegations in the complaint must be reviewed "to determine whether they plausibly support a legal claim for relief." *Id.* at 1215, n.2; *see also Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007). Entitlement to relief requires more than just "labels and conclusions or a formulaic recitation of the elements" to state a cause of action. *Robbins v. State of Okla.*, et al., 519 F.2d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl.,* 127 S.Ct. at 1965). Although decided within an antitrust context, the United States Supreme Court held that *Twombly* "expounded the pleading standard for all civil actions." *Ashcroft v. Iqbal,* 556 U.S. 662, 684, 129 S.Ct. 1937, 1953 (2009). In deciding a 12(b)(6) motion a court must accept all

the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to the claimant. *Id.* at 1965; *Alvarado v. KOBTV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1231 (10th Cir. 2002).

## BRIEF IN SUPPORT

Much of Plaintiffs' Complaint is devoted to background events that they claim lead to their protests in Oklahoma City in the months of May and June of 2020.  Very little of their Complaint is directed at the Defendant City that is within the two (years) immediately preceding the filing of their lawsuit on June 23rd, 2022. The great majority of their "introduction" and background information is about events that occurred outside of Oklahoma City, most notably the death of George Floyd on May 25, 2020, in Minnesota, which apparently, they attribute to the Oklahoma City Police Department via generalization and speculation.

In the following sections the Plaintiffs ramble from: their prior history of protesting in other states; general alleged harassment by police; the arrest of an individual identified as only "MM", and not a Plaintiff in this case;  police driving their cars fast with flashing lights;  snide comments from both sides;  use of social media by both sides;  participation at a protest in Edmond, Oklahoma, and another in Tulsa;  singing of "old spiritual" at a protest; organizing a community barbeque; issuance of charges and warrants for arrest, and some of the Plaintiffs fleeing the state to avoid prosecution, and ultimately, all but one of the Plaintiffs entering negotiated pleas of guilty to at least charges of obstruction of a police

officer.   While some of these might be consistent with pleadings, there is nothing remotely close to a "short and plain statement" showing why the Plaintiffs are entitled to relief.

The pleading is not consistent with the federal rules in that it is not a concise, short plain statement of the case showing that the Plaintiffs are entitled to relief.  (Plaintiffs do not even state their first claim for relief until page 89 of the complaint). After 104 pages, it is still not clear what the City, as a Defendant, allegedly did via a policy, practice or custom, to violate anyone's constitutional rights.  Simply saying that a policy does exist, (or doesn't for that matter) does not establish a causal connection between police action and some illusory speculative alleged harm.  Instead, the 104-page, 451 paragraph document amounts to rambling "prolix" or diatribe and should be stricken from the record.

In the past, the Tenth Circuit has upheld district courts for dismissing or striking complaints because they were too long.  In *McNamara v. Brauchler*, 570 Fed. Appx. 741 (10th Cir. 2014) (Attachment 1), the Court upheld the dismissal of a complaint that was 132 pages long.  The Tenth Circuit stated:

> The purpose behind Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) (internal quotation marks omitted). "It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action." *See Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006). We agree with the district court that the amended complaint contains much "distracting and irrelevant detail" and "would force the Defendants to carefully comb through more than a hundred pages to ascertain which of the several hundred paragraphs contain pertinent allegations to which a response is warranted. R.at 1001, *McNamara v. Brauchler*, 570 Fed. Appx. 741, 743, 2014 U.S. App. LEXIS 12382, *4-7, 2014 WL 2937040

In *Gometz v. United States*, 334 Fed. Appx. 889, 2009 U.S. App. LEXIS 13231 (Attachment 2), the Circuit court affirmed dismissal of a prisoner's complaint which was almost 100 pages long, where he failed to identify how the defendants personally violated his rights.  (See also:  *Abdelsamed v. United States*, 13 Fed. Appx. 883, 2001 U.S. App. LEXIS 15983, 2001 Colo. J. C.A.R. 3734 (Attachment 3), affirming the district court's dismissal of that plaintiff's "…one hundred fifty-one page prolix of vague allegations and conclusory statements…")

And out of this Western District of Oklahoma Court, applying the principles of Rule 8 to a complaint, which was "unreasonably long, rambling, and otherwise filled with irrelevant material…"  determined that dismissal was appropriate where it amounted to a "…prolix, and unintelligible 'that its true substance, if any, is well disguised…" *Coosewoon v. United States*, 2018 U.S. Dist. LEXIS 38135, 2018 WL 1221396, (Attachment 4).

The Plaintiffs complaint in the present case is unnecessarily long, redundant, and full of irrelevant material.  The court should dismiss the complaint without prejudice.

Pursuant to the pleading code at FRCP 8, "…a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction… (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief…"

Likewise, the Complaint is "so confusing and disjointed so as to render the legal claims incomprehensible." *Whitehead v. Shafer,* 295 F.App'x 906, 908 (10th Cir. 2008) (unpublished) (Attachment 5). Federal Rules of Civil Procedure 8 mandates "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not absolve the requirement that a complaint "give defendants notice of the theory under which their claim is made." *Robins v. Oklahoma,* 519 F.3d 1242, 1249 (10th Cir. 2008).

Here, the lack of clarity in Plaintiffs' Complaint prevents Defendant City from meaningfully assessing the allegations specifically against it or preparing a meaningful response. With little particularity to identify what exactly the City is accused of, Plaintiffs' Complaint fails to "make clear exactly who is alleged to have done what to whom, … as distinguished from collective allegations." *Pahls v. Thomas,* 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). *See, e.g., Dopp v. Jones,* No. CIV-11-1495-D, 2013 WL 1181482, at *4 (W.D. Okla. Mar. 20, 2013) (Attachment 6) (plaintiff's amended complaint did not contain a short and plain statement; rather, it placed an "unjustified burden" on the court and parties attempting to respond); *Moser v. Oklahoma,* 118 F. App'x 378, 381 (10th Cir. 2004) (unpublished) (Attachment 7) (dismissal under Rule 8(a) where allegations "so incomprehensible" and "vague" that they fail to provide adequate notice); *Schupper v. Edie,* 193 F. App'x 744 (10th Cir. 2006) (unpublished) (Attachment 8) (upholding the striking of an "overly long, prolix, vague, confusing" *32-page* complaint)(emphasis added). Similarly, Plaintiffs' 104-page Complaint, other than for their complete and utter speculation, fails to plead what

harm they've suffered at the hands of the City, how the City is any way related to Plaintiffs' grievances or identify which constitutional rights the City violated.

As stated earlier above, a complaint must contain "…more than labels, conclusions, and a formulaic recitation of the elements of a cause of action…" or it is subject to dismissal. *Bell Atlantic*, supra. Here, in the "Amended" version, again Plaintiffs take a run at every alleged behavior of police to be a suppression of their First Amendment rights. Notwithstanding that a court must accept all well-plead allegations as true, the court certainly does not have to accept conclusory allegations.

From the face of the Amended Complaint, it is clear that the Plaintiffs participated in protests outside the Oklahoma City police department where others, "…but not Plaintiffs…", (paragraph 34), were throwing "empty water bottles" at the police apparently before the police employed any use of force in the protester's direction. This self-serving statement ignores the Plaintiffs' participation in a protest that they themselves describe as "some protesters began setting off fireworks, jumping on and setting fire to an Oklahoma City police car, and breaking the windows of the first floor of the Oklahoma County Jail and a nearby bail bonds company." (para. 35) Instead of concluding that the police actions throughout the remainder of the protests, and any other alleged events complained of by Plaintiffs was the results of legitimate enforcement of the laws, Plaintiffs make conclusory allegations that police were obviously suppressing their rights. Plaintiffs, with one exception (Mack), all plead out to a crime as a result of their interaction with Officer Wald following the mural painting.

Plaintiffs also allude that because of their arrests and subsequent prosecution, that their right to free speech has been "chilled," which must obviously be caused by harassment by the police and their discrimination towards people of color.  The Plaintiffs also conclude that people have quit protests altogether because of the arrests and prosecution of Plaintiffs. Such a highly speculative position could be just as easily explained by most protesters simply returning to some degree of normalcy in their lives.

The Amended Complaint also identifies other individuals who are not participating in the lawsuit, which Plaintiffs hold up as examples of inappropriate conduct by police. However, on the face of the complaint, all these individuals were participating in the protests that by Plaintiffs' own accounts had already evolved into a riotous event involving bottle throwing, fireworks, tear gas and bean bags.  Plaintiffs ignore that police officers are obligated by law to enforce laws to protect public property and safety- including their own. Oklahoma state law provides that "…any use of force or violence, or any threat to use force or violence if accompanied by immediate power of execution, by three or more persons acting together and without authority of law, is riot."  21 OS § 1311.  (see also:  21 OS §1312, making *participation* in a riot a criminal act or misdemeanor) It is clear from Plaintiffs' own Amended Complaint that there were considerably more than three people involved, and they make no excuse for throwing things at the police, setting fire to a police car and breaking windows out of the Oklahoma County Jail.  The police are obligated by law to try and control lawlessness, notwithstanding that Plaintiffs want to describe it all as free speech.  These instances of lawlessness are sufficient to amount to "a clear and present danger" from the case of *Price v. State*, 873 P.2d 1049(Okla. 1994), ironically cited by

Plaintiffs at paragraph 184 at page 47 of their Amended Complaint. Even the Oklahoma Supreme Court has recognized that "…advocacy …directing to inciting or producing imminent lawless action and is likely to incite or produce such action…are not entitled to constitutional protection… [A]lthough this Court has determined 'that the Oklahoma Constitution is more protective of speech than is the United States Constitution, *In re Initiative Petition No. 366*, 2002 OK 21, this protection is not absolute and clearly does not extend to 'fighting words' and/or incitement to imminent lawless activity…" *Edmondson v. Pearce*, 2004 OK 23, footnote 40, citing *Gaylord Entertainment Co. v. Thompson,* 1998 OK 30; *and* the *Price v. State* case cited by the Plaintiffs.

Lastly, Plaintiffs make the unremarkable assertion that they aren't as vocal or participate in as many protests as they used to, and that it is all because of the allegedly oppressive and discriminatory actions of OCPD officers. Apparently, they are all "terrified" or very "fearful" of OCPD and possibly having to spend anymore time in the Oklahoma County jail. It is nothing more than speculation that any of these complaints are real or caused by OCPD as opposed to the criminal conduct of the Plaintiffs and others involved in protests that became riots.

Plaintiffs also allude to alleged policies on the part of the City that have violated their rights. However, the mere existence of a policy does not necessarily equate to a constitutional violation. If there is no constitutional violation, *ie*., protesters/rioters can be arrested when they break the law, there is no municipal liability. "This is so 'regardless of whether the municipality's policies might have authorized such harm." *Hinton v. City of Elwood* 997 F.2d 774, 782 (10th Cir. 1993) citing *City of Los Angeles v. Heller*, 475 U.S.

796, 799, 106 S.Ct. 1571 (1986)  While the City will deny that it has any policies allowing for depravation of the Plaintiffs' rights, even if there were, there has to be an underlying constitutional violation, and none exists in this case from the face of the Amended Complaint.  It is not sufficient to proclaim the death of George Floyd, which the Plaintiffs do repeatedly, and insinuate that OCPD has suppressed those who protest against his murder in a City over 750 miles away.   It also does not establish a constitutional violation by OCPD against any of these Plaintiffs because they identify another thirty (30) individuals in their complaint allegedly harmed by officers, many by name, and others by designation, such as "babies crying from tear gas," for example, or 16 protesters whose charges were declined or dismissed.  None of those alleged events are relevant to the claims of these Plaintiffs.   Plaintiffs even drop the names of two locally, at least, well known individuals, Julius Jones, a death row inmate, and the late Bennie Edwards, in an attempt to further their cause.  These again have no relevance to the Plaintiffs' complaints and appear to be nothing more than pandering to their supporters or the local press.

Plaintiffs' contention that they have been retaliated against also fails because they entered guilty pleas to reduced misdemeanor charges stemming from their arrests.  (Again, this does not apply to Mack as his charges were dismissed by Prater).  Under *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364 (1994), courts cannot enter monetary damages in civil rights cases which would invalidate their convictions.  "Moreover, Plaintiff must show that Defendants lacked probable cause to arrest her or prosecute her." *Zumwalt v. Evans*, 2021 Wl 3051846 (Attachment 9), citing *Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1149 (10th Cir. 2020)  "The presence of probable cause,

therefore, is a bar to a First Amendment retaliation claim…" *Fenn*, *id*., at 1149   The reasoning from *Heck* also applies to plea agreements and misdemeanors in the Tenth Circuit. (See*: Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (Attachment 10), and *Jones v. Cannon*, 2014 WL 1270982 at *10, n.12, (W.D. Okla. Mar. 26, 2014), aff'd, 589 F. App'x 849 (10th Cir. 2014) (Attachment 11).

Given the Rule 12(b)(6) standard, "…the Court need not accept as true those allegations that are conclusory in nature." *Erikson v. Pawnee County Board of County Commissioners*, 263 F.3d 1151, 1154-55 (10th Cir. 2001)  "Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190-1191 (10th Cir. 2012).

As most of the allegations by the Plaintiffs are conclusory in nature and merely assume causation between OCPD actions, a policy and alleged constitutional violations, the Plaintiffs' Amended Complaint should be dismissed for failure to state a claim.

If it appears that this Defendant's response is wandering, it's because of the Plaintiffs throwing in the proverbial "kitchen sink" to try and make a case stick.  The Court should not tolerate the Plaintiffs' liberties with the federal pleading code, or as the Tenth Circuit said: "…it is not the role of the court or the defendant to sort through a lengthy, poorly drafted complaint…in order to construct plaintiff's causes of action…" *McNamara*, id.  Therefore, Plaintiffs' Amended Complaint violates Rule 8 for remarkably failing to be a short and concise statement and pursuant to 12(b)(6) must also be dismissed for failure to state a claim upon which relief can be granted.

Wherefore, Defendant respectfully requests that the court dismiss the Amended Complaint and for such other relief as the court considers reasonable.

Respectfully submitted,

KENNETH JORDAN
Municipal Counselor

By:      /s/Richard N. Mann
          Richard N. Mann, OBA #11040
          Katie Goff, OBA #32402
          Assistant Municipal Counselor
          200 N. Walker Ave., Suite 400
          Oklahoma City, OK 73102
          richard.mann@okc.gov
          katie.goff@okc.gov

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of September 2022, a true and correct copy of the above and foregoing instrument was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants on file herein.

By:      /s/Richard N. Mann
          Assistant Municipal Counselor