UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SINCERE TERRY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CASE NO. 5:22-cv-522-G |
| | ) | |
| CITY OF OKLAHOMA CITY, OKLAHOMA, et al., | ) | Judge Charles B. Goodwin |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PRATER'S OBJECTION TO
PLAINTIFFS' MOTION FOR STATUS CONFERENCE**

COMES NOW, Defendant David Prater, former district attorney for Oklahoma County to file this Objection to Plaintiffs' Motion for Status Conference. [doc. 60]. In support of this Objection, Defendant Prater would show this Court the following:

**STATEMENT OF THE CASE**

1. Plaintiffs are self-proclaimed protestors who demonstrated (*inter alia*) against the Police in the aftermath of the death of George Floyd in May of 2020.

2. They were arrested June 24, 2022, at the Oklahoma City Police Department where one of the Plaintiffs admittedly yelled "burn this place to the ground." [doc. 1, ¶ 134]

3. They filed their Original Complaint on June 23, 2022, alleging several claims under 42 U.S.C. § 1983 against Prater and others. [doc. 1].

4. They filed their First Amended Complaint on September 14, 2022. [doc. 39].

5. Defendant Prater filed his Motion to Dismiss that First Amended Complaint on September 28, 2022. [doc. 40].

6. Plaintiffs filed a "Consolidated Memorandum of Law in Opposition of All Defendants' Motions to Dismiss the Amended Complaint" on November 2, 2022 [doc. 45], and Prater filed his Reply on November 17, 2022. [doc. 46].

7. Since then, the Court has been reviewing Prater and the other Defendants' Motions to Dismiss along with its hectic schedule in dealing with the aftermath of *McGirt v. Oklahoma*, 591 U.S. ___, 140 S.Ct. 2452 (2020).

8. On February 20, 2024, Plaintiffs' counsel sent an email to all Defense Counsel asking if there was any objection to Plaintiffs Motion for Status Conference. [Ex. 1].

9. Plaintiffs' counsel failed to inform Defense Counsel that he would file that motion with attached Affidavits from the Plaintiffs which Defendant Prater did not agree to allow without objection.

10. Defendant Prater believes the attached Affidavits are an attempt to supplement the Record with evidence of Plaintiffs' arguments and damages.

11. If Defendant Prater had known that Plaintiffs' counsel would attach the Affidavits, Defendant Prater would have noted his objection to that Motion.

**WHEREFORE**, Defendant Prater would like this Court to note his objection to Plaintiffs' Motion for Status Conference, rather then it being filed without objection from Defendant Prater.

Respectfully submitted,

 s/ Kevin L. McClure
**KEVIN L. MCCLURE, OBA # 12767**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105-3498
T: (405) 521-3921 | F: (405) 521-4518
Kevin.McClure@oag.ok.gov
*Attorney for Defendant*

**CERTIFICATE OF MAILING**

I hereby certify that on this 22nd day of February, 2024, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are ECF participants.

 s/Kevin L. McClure  
**Kevin L. McClure**