# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SINCERE TERRY et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-22-522-G |
| ) | |
| **CITY OF OKLAHOMA CITY,** ) | |
| **OKLAHOMA, et al.,** ) | |
| ) | |
| Defendants.[1] ) | |

## ORDER

Plaintiffs,[2] who are individuals engaged in racial and social justice activism, allege in this 42 U.S.C. § 1983 action a violation of their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. *See* Am. Compl. (Doc. No. 39). Each of the defendants[3] has filed a motion to dismiss (Doc. Nos. 40, 41, 42), and those motions are now at issue.

In the instant lawsuit, Plaintiffs allege that in June 2020 they complained about certain actions taken by an officer for the Oklahoma City Police Department ("OCPD") and were then arrested and informed that they would be charged with felony incitement to

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), current Oklahoma County District Attorney Vicki Behenna is hereby substituted as a defendant on the official-capacity claims brought against former Oklahoma County District Attorney David Prater.

[2] The plaintiffs are Sincere Terry, Mia Hogsett, Tyreke Baker, Preston Nabors, Trevour Webb, and Austin Mack.

[3] Defendants are: City of Oklahoma City, Oklahoma; Oklahoma City Police Department officer Thomas VanNort, in his individual capacity; Oklahoma County District Attorney Vicki Behenna, in her official capacity; and former Oklahoma County District Attorney David Prater, in his individual capacity.

riot under title 21, section 1320.2 of the Oklahoma Statutes. *See* Am. Compl. ¶¶ 3-5, 181. Plaintiffs bring multiple constitutional claims, seeking damages, declaratory relief, and injunctive relief: (1) Violation of the First Amendment (retaliatory arrest and prosecution for protected speech); (2) Violation of the First Amendment (freedom to petition); (3) Violation of the First Amendment (content and/or viewpoint discrimination); (4) Violation of the Fourth Amendment (false arrest); (5) Violation of the Fourth Amendment (malicious prosecution); (6) Conspiracy to Violate Civil Rights; and (7) Violation of the Fourteenth Amendment (equal protection). *See id.* ¶¶ 388-451.

Plaintiffs herein are also the six named plaintiffs in a related lawsuit, "*Terry I*," which was filed concurrently in this Court and is also assigned to the undersigned. *See Terry v. Drummond*, No. CIV-22-521-G (W.D. Okla.). In *Terry I*, the plaintiffs are bringing a facial constitutional challenge to Oklahoma's riot proscriptions, and specifically title 21, section 1311 of the Oklahoma Statutes, under the First and Fourteenth Amendments.[4] The legal claims in *Terry I* concern the criminal charges brought against the six plaintiffs as a result of the same June 2020 events, and encounters between those individuals and law enforcement, as are challenged in this action. *See* Am. Compl. ¶¶ 3-5, 32-354; *see also Terry v. Drummond*, No. 24-6046, 2025 WL 707451, at *1 & n.3 (10th Cir. Mar. 3, 2025).

---

[4] Section 1311 prescribes: "Any use of force or violence, or any threat to use force or violence if accompanied by immediate power of execution, by three or more persons acting together and without authority of law, is riot." Okla. Stat. tit. 21, § 1311. Section 1320.2 "incorporates the statutory definition of riot from § 1311." *Terry*, 2025 WL 707451, at *1; *see* Okla. Stat. tit. 21, § 1320.2.

In *Terry I*, the Court denied Plaintiffs' request to enjoin enforcement of section 1311 based upon the statute's alleged overbreadth and vagueness. *See Terry v. Drummond*, 717 F. Supp. 3d 1106 (W.D. Okla. 2024). Plaintiffs then appealed that ruling to the Tenth Circuit Court of Appeals, and this Court stayed proceedings in light of that appeal. On March 3, 2025, the Tenth Circuit issued an order certifying to the Oklahoma Court of Criminal Appeals ("OCCA") a "novel and determinative question" of Oklahoma law regarding the level of intent required for the State of Oklahoma to prove a prosecution based upon threats constituting riot. *Terry*, 2025 WL 707451, at *1, *6-9.[5] The appellate court has abated the appeal and directed the parties to submit a joint report every 90 days as to the status of the proceedings before the OCCA. *See id.*

Beyond the obvious shared factual background, there is substantial overlap and intertwinement between the factual and legal issues being considered in *Terry I* and those raised in this case. And, significantly, the Tenth Circuit's and the OCCA's answers to the questions being asked in *Terry I* will necessarily inform the Court's consideration of certain of Plaintiffs' claims here. For example, the certified question in *Terry I* regarding the requirements for the State to prove a "threats prosecution" under the Oklahoma Statutes may bear directly upon the merits of Plaintiffs' claim that "[t]here was no probable cause for Plaintiffs' arrests and prosecution for incitement to riot." Am. Compl. ¶ 435; *see also*

---

[5] The precise question certified is as follows:

> Does Okla. Stat. Ann. tit. 21, § 1311 require the State to prove the defendant consciously disregarded a substantial risk that his communications would be viewed as threatening violence toward another to convict for threats constituting riot?

*Terry*, 2025 WL 707451, at *9.

3

*id.* ¶¶ 181, 183 & n.3 (identifying the elements allegedly required for law enforcement to support such a charge under section 1320.2). It is also reasonable to conclude that a determination as to the facial constitutionality of the Oklahoma riot statutes in *Terry I* could materially affect the disposition of Plaintiffs' as-applied challenge to those statutes brought in this action. *Cf. Fontenot v. Hunter*, 378 F. Supp. 3d 1075, 1081 n.2 (W.D. Okla. 2019) ("'[The distinction between facial and as-applied challenges] goes to the breadth of the remedy employed by the Court.' The facial invalidation of a statute is a broader remedy than an as-applied invalidation." (quoting *Citizens United v. FEC*, 558 U.S. 310, 331 (2010))); *Vill. of Schaumberg v. Citizens for a Better Env't*, 444 U.S. 620, 634 (1980) ("Given a case or controversy, a litigant whose own activities are unprotected may nevertheless challenge a statute by showing that it substantially abridges the First Amendment rights of other parties not before the court.").

It follows that the arguments raised pursuant to the Motions to Dismiss, particularly those addressing the charging of Plaintiffs under the relevant statutes and the existence of probable cause, are also likely to be materially affected by the pending appeal. *See* Doc. Nos. 40, 41, 42. Having considered the interests of the parties as reflected in the record, as well as judicial efficiency, the Court shall exercise its "broad discretion" and "power to control its own docket" and stay the Motions for a limited time to allow their disposition to be informed, as relevant, by the OCCA's answer to the certified question presented in *Terry I*. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see, e.g.*, *Apodaca v. Young Am. Ins. Co.*, No. 18-cv-00399, 2019 WL 6134718, at *1, *3-4 (D.N.M. Nov. 19, 2019).

CONCLUSION

IT IS THEREFORE ORDERED that the Motions to Dismiss (Doc. Nos. 40, 41, 42) are STAYED and HELD IN ABEYANCE pending further order of the Court.

Plaintiffs shall notify the Court within seven (7) days of the Oklahoma Court of Criminal Appeals' issuance of any orders or opinion on the certified question in *Terry I*.

IT IS SO ORDERED this 27th day of March, 2025.

_____
CHARLES B. GOODWIN
United States District Judge