UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SINCERE TERRY et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-522-G |
| | ) | |
| CITY OF OKLAHOMA CITY, | ) | |
| OKLAHOMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now before the Court is a Motion to Vacate Stay and Expedite Consideration (Doc. No. 72) filed by Plaintiffs[1] in this 42 U.S.C. § 1983 action ("*Terry II*"). Plaintiffs represent that their request is not opposed by Defendants.[2]

Plaintiffs herein are also the six named plaintiffs in a related lawsuit, "*Terry I*," which was filed concurrently in this Court and is also assigned to the undersigned. *See Terry v. Drummond*, No. CIV-22-521-G (W.D. Okla.). In *Terry I*, the plaintiffs are bringing a facial constitutional challenge to Oklahoma's riot proscriptions, and specifically title 21, section 1311 of the Oklahoma Statutes, under the First and Fourteenth

---

[1] The plaintiffs are Sincere Terry, Mia Hogsett, Tyreke Baker, Preston Nabors, Trevour Webb, and Austin Mack.

[2] Defendants are: City of Oklahoma City, Oklahoma; Oklahoma City Police Department officer Thomas VanNort, in his individual capacity; Oklahoma County District Attorney Vicki Behenna, in her official capacity; and former Oklahoma County District Attorney David Prater, in his individual capacity.

Amendments.[3]  The legal claims in *Terry I* concern the criminal charges brought against the six plaintiffs as a result of the same June 2020 events, and encounters between those individuals and law enforcement, as are challenged in this action.  *See* Am. Compl. ¶¶ 3-5, 32-354 (Doc. No. 39); *see also Terry v. Drummond*, No. 24-6046, 2025 WL 707451, at *1 & n.3 (10th Cir. Mar. 3, 2025).

In *Terry I*, the Court denied Plaintiffs' request to enjoin enforcement of section 1311 based upon the statute's alleged overbreadth and vagueness.  *See Terry v. Drummond*, 717 F. Supp. 3d 1106 (W.D. Okla. 2024).  Plaintiffs appealed that ruling to the Tenth Circuit Court of Appeals, and this Court stayed proceedings in *Terry I* in light of that appeal.

On March 3, 2025, the Tenth Circuit abated the *Terry I* appeal and issued an order certifying to the Oklahoma Court of Criminal Appeals ("OCCA") a "novel and determinative question" of Oklahoma law regarding the level of intent required for the State of Oklahoma to prove a prosecution based upon threats constituting riot.  *Terry*, 2025 WL 707451, at *1, *6-9.

The Court then directed the pending motions to dismiss in the instant case to be stayed and held in abeyance pending further order of the Court.  *See* Order of Mar. 27, 2025 (Doc. No. 66).

---

[3] Section 1311 prescribes: "Any use of force or violence, or any threat to use force or violence if accompanied by immediate power of execution, by three or more persons acting together and without authority of law, is riot."  Okla. Stat. tit. 21, § 1311.  Section 1320.2 "incorporates the statutory definition of riot from § 1311."  *Terry*, 2025 WL 707451, at *1; *see* Okla. Stat. tit. 21, § 1320.2.

On July 17, 2025, the OCCA issued an opinion answering the certified question posed by the Tenth Circuit in *Terry I*. *See Terry v. Drummond*, __P.3d__, No. CQ-2025-185, 2025 WL 2016711 (Okla. Crim. App. July 17, 2025). The Tenth Circuit then lifted the abatement of the *Terry I* appeal and ordered supplemental briefing.

On October 24, 2025, the Tenth Circuit again abated the *Terry I* appeal and certified four additional questions of state law to the OCCA, all seeking guidance from the state court regarding title 21, section 1311 of the Oklahoma Statutes. *See Terry v. Drummond*, No. 24-6046, 2025 WL 3012448, at *1 (10th Cir. Oct. 24, 2025). The Oklahoma Court of Criminal Appeals answered those additional questions on March 5, 2026, and the Tenth Circuit is currently awaiting more supplemental briefing on the *Terry I* appeal. *See Terry v. Drummond*, __P.3d__, No. CQ-2025-860, 2026 WL 617060 (Okla. Crim. App. Mar. 5, 2026); *Terry v. Drummond*, No. 24-6046 (10th Cir. Mar. 19, 2026) (order).

Beyond the obvious shared factual background, there is substantial overlap and intertwinement between the factual and legal issues being determined by the Tenth Circuit in *Terry I* and those raised in this case. And the Tenth Circuit's consideration of the OCCA's answers to the multiple certified questions presented in *Terry I* will necessarily inform the Court's consideration of certain of Plaintiffs' claims here. *See* Order of Mar. 27, 2025, at 3-4.

It follows that the arguments raised pursuant to the Motions to Dismiss, particularly those addressing the charging of Plaintiffs under the relevant statutes and the existence of probable cause, are also likely to be materially affected by the pending appeal in *Terry I*. *See* Doc. Nos. 40, 41, 42. Having considered the interests of the parties as reflected in the

record, as well as judicial efficiency, the Court shall continue to exercise its "broad discretion" and "power to control its own docket" and stay the Motions for a limited time to allow their disposition to be informed, as relevant, by the Tenth Circuit's decision on the related appeal. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Apodaca v. Young Am. Ins. Co.*, No. 18-cv-00399, 2019 WL 6134718, at *1, *3-4 (D.N.M. Nov. 19, 2019).

CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Vacate Stay and Expedite Consideration (Doc. No. 72) is DENIED, without prejudice to being reurged as appropriate. The Motions to Dismiss (Doc. Nos. 40, 41, 42) shall remain STAYED and HELD IN ABEYANCE pending further order of the Court.

IT IS SO ORDERED this 30th day of March, 2026.

CHARLES B. GOODWIN
United States District Judge

4